NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2015[*]
Decided March 12, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2716

| | |
|---|---|
| SHUNTAY ANTONIO BROWN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 5638 |
| CHARLES T. RYAN, LTD., et al., *Defendants-Appellees*. | Ronald A. Guzmán, *Judge*. |

## O R D E R

Shuntay Brown appeals from the denial of his motion to reconsider the dismissal of his federal civil-rights lawsuit. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Brown and Willie Lipscomb (for whom Brown is the legal guardian) were evicted from the condominium where they lived in 2012. Brown then sued his former landlords, the condominium association, its law firm, Bank of America, and the "Federal Reserve System," alleging constitutional violations and violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12201–12213, in connection with his earlier bankruptcy and the state court's eviction proceeding. The district court screened the complaint, *see* 28 U.S.C. § 1915(a)(2)(B), and dismissed it with prejudice, concluding that jurisdiction was lacking over Brown's claim for damages exceeding $10,000 against an agency of the United States government, *see* 28 U.S.C. § 1346(a)(2), and over his remaining challenges to the state court's eviction order.

Less than three weeks later, Brown sought reconsideration of the dismissal, which the district court denied. Brown moved a second time for reconsideration, and the court dismissed this request as identical to the first. Several months later Brown without elaboration sought relief from judgment under Federal Rule of Civil Procedure 60(a) and (b)(1); the district court denied this request in a minute entry.

On appeal Brown asserts that his confusion about certain court deadlines was "excusable neglect" for purposes of Rule 60(b). But in his motion to the district court Brown did not put forward any reason that would justify relief under Rule 60(b).

AFFIRMED.